IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAIN DROP FOUNDATION, INC., | § § § § | |
| *Plaintiff,* | | |
| VS. | § § § § § § § | CIVIL NO. 3:19-cv-1077 |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | | |
| *Defendant.* | | |

## DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446(a), Philadelphia Indemnity Insurance Company, the Defendant in the above-styled case, files this Notice of Removal from the District Court of Dallas County, Texas, 162nd Judicial District, to the United States District Court for the Northern District of Texas, Dallas Division.

### INTRODUCTION

1. The Plaintiff is Rain Drop Foundation, Inc. ("Plaintiff").

2. The Defendant is Philadelphia Indemnity Insurance Company ("Defendant").

3. Plaintiff commenced this first-party insurance case on April 16, 2019. Plaintiff asserted claims under Texas law against Defendant for (a) breach of contract, (b) violation of certain provisions of chapter 541 of the Texas Insurance Code, (c) violation of certain provisions of chapter 542 of the Texas Insurance Code,

(d) violation of unspecified provisions of the Texas Deceptive Trade Practices Act, and (e) breach of the common-law duty of good faith and fair dealing.

4. Defendant learned of Plaintiff's commencement of this action, and of Plaintiff's filing or its original state-court pleading, entitled Plaintiff's Original Petition, on April 17, 2019. Defendant is therefore timely filing this Notice of Removal, as it is removing this action may be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## VENUE IS PROPER

5. Pursuant to 28 U.S.C. § 1441(a), this action may be removed to this Court because it is the district and division embracing Dallas County, Texas, the county in which the state court action is pending.

## BASIS FOR REMOVAL

6. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

### A. Complete Diversity of Citizenship Exists.

7. Plaintiff is a non-profit corporation incorporated in Texas. *See* Articles of Incorporation, attached as part of **Exhibit 1**. Plaintiff maintains its principal place of business in Houston, Texas. *See id.* (Plaintiff's Texas Franchise Tax report); *see also* Policy, Common Policy Declarations, also attached as part of

**Exhibit 1** (showing Plaintiff's mailing address at 9301 W. Belfort Avenue E., Houston, Texas).

8. Philadelphia is a corporation organized and existing under the laws of the State of Pennsylvania. *See* Affidavit of Kevin B. Liney, attached as **Exhibit 2** (attesting to the facts that Defendant is incorporated in and maintains its principal place of business in Pennsylvania).

9. Complete diversity of citizenship therefore exists between all plaintiffs and all defendants.

B. **The Amount in Controversy Exceeds $75,000.**

10. Plaintiff's Original Petition merely alleges that it "seek[s] monetary relief over $200,000 but not more than $1,000,000, exclusive of interest and costs, which is the only option that does not require Plaintiff to select a speculative, arbitrary cap on its damages. Pl.'s Orig. Pet. ¶ 4, at 2. One day before filing its lawsuit, Plaintiff's counsel sent Defendant a "DTPA Notice and Demand Letter" that referenced an attached estimate allegedly representing "actual damages" totaling over $386,000. *See* Demand Letter, attached as **Exhibit 3**, at 2.

11. Plaintiff therefore seeks damages, exclusive of interest and attorney's fees, in excess of the jurisdictional minimum of $75,000.

C. **Removal Is Appropriate Under the Court's Diversity Jurisdiction.**

12. In light of these facts, the state court claim may be removed to this Court because: (a) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Texas; (b) none "of the

parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought", 28 U.S.C. § 1441(b)(2); and (c) the amount in controversy exceeds $75,000, exclusive of interests and costs.

### FILING OF REMOVAL PAPERS

13. Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to all other counsel of record. Further, Philadelphia is filing a copy of this Notice of Removal with the Clerk of the 162nd Judicial District Court of Dallas County, Texas, where Plaintiff commenced this action.

14. Defendant is filing the following items concurrently with this Notice of Removal, or attaching them to this Notice of Removal as required by Northern District of Texas Local Rule 81.1:

(a) completed versions of JS-44 Civil Cover Sheet, and Supplement to JS44 Civil Cover Sheet (**Exhibit 4**)

(b) an index identifying each document filed in the state court action, except discovery material, with each document individually tabbed and arranged in chronological order according to the state court file date, with copies of each such document (**Exhibit 5**);

(c) all executed process in the case (**Exhibit 6**);

(d) a copy of the docket sheet in the state court action (**Exhibit 7**);

(e) a separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e) (filed separately); and

(f) a list of all counsel of record (**Exhibit 8**).

## CONCLUSION

Defendant Philadelphia Indemnity Insurance Company gives notice to the Court of its removal of the above-captioned action from the 162nd Judicial District Court of Dallas County, Texas, and requests that further proceedings be conducted in the United States District Court for the Northern District of Texas, Dallas Division, as provided by law.

Dated: May 3, 2019

Respectfully submitted,

*/s/ William R. Pilat*
William R. Pilat
Texas Bar No. 00788205
Admitted in the Northern District of Texas
MAYER LLP
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
Telephone: 713-487-2000
Facsimile: 713-487-2019
Email: wpilat@mayerllp.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY**

**Of Counsel:**

Andrew J. Mihalick
Texas Bar No. 24046439
Admitted in the Northern District of Texas
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
Telephone: 713-487-2000
Facsimile: 713-487-2019
Email: amihalick@mayerllp.com

## **CERTIFICATE OF SERVICE**

    I certify that on May 3, 2019, a true and correct copy of the foregoing pleading was forwarded to all other counsel of record, including those listed below, by mailing the same to such attorneys by certified mail, return receipt requested:

Preston J. Dugas III
PRESTON DUGAS LAW FIRM, PLLC
309 W. 7th Street, Suite 1100
Fort Worth, Texas 76102

                                       */s/ William R. Pilat*
                                       William R. Pilat

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAIN DROP FOUNDATION, INC. | § | |
| | § | |
| VS. | § | CIVIL NO. 3:19-cv-1077 |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY | § | |

*On Removal from:*

CAUSE NO. DC-19-05387

| | | |
|---|---|---|
| RAIN DROP FOUNDATION, INC. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY | § | 162ND JUDICIAL DISTRICT |

## INDEX OF MATTERS BEING FILED

Exhibit 1    Documents on Plaintiff's Citizenship

Exhibit 2    Defendant's Affidavit in Support of Removal

Exhibit 3    Attorney's Letter Alleging Amount in Controversy

Exhibit 4    JS-44 Civil Cover Sheet and Supplement to JS-44 Civil Cover Sheet

Exhibit 5    Index of Documents Filed in State Court Case and Copies of Those Documents

Exhibit 6    All Executed Process

Exhibit 7    Docket Sheet in State Court Case

Exhibit 8    List of Counsel of Record