## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **RAIN DROP FOUNDATION, INC.** | § | |
| | § | |
| **VS.** | § | **CIVIL NO. 3:19-cv-1077** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY** | § | |

### *On Removal from:*

### CAUSE NO. DC-19-05387

| | | |
|---|---|---|
| **RAIN DROP FOUNDATION, INC.** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY** | § | **162ND JUDICIAL DISTRICT** |

## EXHIBIT 5

## ALL DOCUMENTS FILED IN STATE COURT

| Tab | Document Name | Filing Date |
|---|---|---|
| 1. | Plaintiff's Original Petition | 4/16/19 |
| 2. | Defendant's Original Answer | 4/29/19 |
| 3. | Defendant Philadelphia Indemnity Insurance Company's Notice of Removal to Federal Court | 5/03/19 |

# TAB 1

FILED
DALLAS COUNTY
4/16/2019 8:09 AM
FELICIA PITRE
DISTRICT CLERK

Alicia Mata

CAUSE NO. DC-19-05387 _____



| | | |
|---|---|---|
| RAIN DROP FOUNDATION INC., | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | **I-162ND** JUDICIAL DISTRICT COURT |
| | § | |
| PHILADELPHIA INDEMNITY INSURANCE | § | |
| COMPANY, | § | |
|     Defendant. | § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

    RAIN DROP FOUNDATION INC., Plaintiff herein, files this its Original Petition against Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY, and, in support of its causes of action, would respectfully show the Court the following:

### I.    PARTIES

1.    Plaintiff, RAIN DROP FOUNDATION INC., owns the property made the basis of this suit located at: 1416 E. Collins Blvd., Richardson, Texas 75081 in Dallas County, Texas (the "Property").

2.    Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY ("PIIC" or "Defendant") is a foreign entity authorized to engage in the insurance business in the State of Texas and may be served by serving its Registered Agent for Service of Process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136. Service is requested by certified mail, return receipt requested at this time.

### II.    DISCOVERY

3.    Plaintiff intends to conduct discovery under a Level 3 discovery control plan pursuant to the Texas Rules of Civil Procedure.

### III.    CLAIM FOR RELIEF

4.    At this time, Plaintiff cannot assess accurately a definite limit to the damages it has sustained, or will sustain in the future, as a result of Defendant's acts. Given the early state of this

litigation, projections have not been declared regarding the full extent and severity of the injuries and damages. In view of these circumstances, Plaintiff does not wish to impose any limit on what it may present to the jury or what the jury may consider as a range of damages in this case; however, Plaintiff makes the following representation in compliance with Tex. R. Civ. P. 47(c) to aid in the efficient court administration. Plaintiff believes that the most reasonable option afforded under Tex. R. Civ. P. 47, at this time, prior to the completion of discovery in the case, is to seek monetary relief over $200,000 but not more than $1,000,000, exclusive of interest and costs, which is the only option that does not require Plaintiff to select a speculative, arbitrary cap on its damages. Plaintiff reserves the right to modify or adjust this statement, as the litigation progresses, and additional evidence is compiled. Regardless of what Plaintiff must state for administrative purposes as the amount of damages it seeks pursuant to Tex. R. Civ. P. 47(c), it desires to leave the final determination of damages, if any, to the sole province of the jury, based upon the credible evidence presented to the jury at trial.

## IV.    JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action, because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.      Venue is proper in Dallas County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V.    FACTUAL BACKGROUND

7.      Plaintiff entered into an agreement with Defendant to pay Defendant premiums in exchange for insurance coverage protecting Plaintiff's Property.

8.      The agreement was drafted by Defendant and assigned Policy Number PHPK1618322 (the "Policy"). The Policy's effective date was from March 13, 2017 to March 13, 2018 (referred to as the "Policy Period").

9.      The Policy covers damage to property as a result of wind, hail, and rain.

10.     On or about April 21, 2017, a wind, hail and rain storm hit Dallas County, Texas, damaging Plaintiff's Property.

11.     Plaintiff subsequently filed a claim under the Policy.

12.     Defendant assigned the claim, claim number 1176348 (referred to as the "Claim").

13.     Defendant assigned Mr. Paul R. Prichard with Sedgwick to adjust the Claim.

14.     Mr. Prichard issued a letter on May 24, 2018, wherein he acknowledged the claim and wrongfully alleged that the claim was made in an untimely fashion. Mr. Prichard wrote his initial letter before inspecting the Property in a manner to deter Plaintiff from moving forward with its Claim.

15.     Upon information and belief, neither Mr. Prichard nor anyone else with Defendant inspected the Property until August 21, 2018.

16.     On August 21, 2018, Mr. Andrew Massingill with HAAG Engineering inspected the Property. Mr. Massingill found hail spatter marks to the HVAC unit, metal roof panels, skylights and metal cladding, and dents up to 1 ¼ inch in the sheet metal buckle on the aluminum vent caps. He also noted in his conclusion section of his report, hail-caused dents in the 24-gauge and 28-gauge metal roofing panels at the canopies. Despite these significant findings, Mr. Massingill ultimately determined that hail did not cause water leaks or "damage" to the Property.

17.     Defendant failed to perform a proper inspection of the Property and as a result improperly denied the Claim.

18.     Defendant and its adjusters' unreasonable investigation led to the denial of Plaintiff's claim.

19.     Moreover, Defendant and its adjusters performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

20.     Pursuant to § 542A.003 of the Tex. Ins. Code, Plaintiff has served Defendant with its notice letter; however, due to the impending statute of limitations Plaintiff has filed this lawsuit prior to the expiration of the 60-day notice period.

## VI.     CAUSES OF ACTION

### A.     Breach of Contract

21.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 20 of this petition.

22.     Defendant entered into the Policy with Plaintiff.

23.     Plaintiff's Property sustained damage during the Policy Period as a result of wind, hail and rain which is a covered cause of loss under the Policy.

24.     Defendant breached the terms of the Policy by wrongfully denying the Claim.

25.     As a result of Defendant's breach of the Policy, Plaintiff has sustained actual damages and has incurred reasonable and necessary attorney's fees to date.

### B.     Insurance Code Violations

26.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 25 of this Petition.

   *Prompt Payment of Claims Statute*

27.     The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 et seq. of the Texas Insurance Code.

28.     Plaintiff, therefore, in addition to Plaintiff's claim for damages is entitled to statutory interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

   *541 Insurance Code Violations*

29.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

   *Violation of § 541.060(a)(1):*

30.     Defendant violated § 541.060(a)(1) by misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue.

*Violation of § 541.060(a)(2):*

31.     Defendant violated § 541.060(a)(2) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear.

*Violation of § 541.060(a)(3):*

32.     Defendant violated § 541.060(a)(3) by failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim.

*Violation of § 541.060(a)(4):*

33.     Defendant violated § 541.060(a)(4) by failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff.

*Violation of § 541.060(a)(7):*

34.     Defendant violated § 541.060(a)(7) by refusing to pay Plaintiff's Claim without conducting a reasonable investigation with respect to the Claim.

35.     Defendant violated § 541.061 by:

(1)     making an untrue statement of material fact;
(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;
(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;
(4)     making a material misstatement of law; and
(5)     failing to disclose a matter required by law to be disclosed.

## C.     DTPA Violations

36.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 35 of this Petition.

37.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

**Plaintiff's Original Petition**                                                                    **Page 5**

38.     Defendant is a "person" as defined by § 17.45 of the Texas Business and Commerce Code.

39.     Defendant violated the Texas Deceptive Trade Practices Act in the following respects:

    (1)     Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

    (2)     Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed; and

    (3)     Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that this Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

40.     Upon information and belief, Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages and reasonable attorney's fees pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.      Breach of The Duty of Good Faith and Fair Dealing**

41.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 40 of this Petition.

42.     Plaintiff and Defendant entered into a valid and enforceable insurance policy.

43.     Defendant owed Plaintiff the common law duty of good faith and fair dealing.

44.     Defendant breached the common law duty of good faith and fair dealing by wrongfully denying the Claim and delaying payment on the Claim when Defendant knew or should have known liability was reasonably clear.

45.     Upon information and belief, Defendant's actions were performed without due regard or care for the Claim process and were done intentionally and/or with gross negligence.

46.     Defendant was aware at all times that its actions would result in the denial of Plaintiff's Claim.

47.     As a result of Defendant's acts and/or omissions, Plaintiff sustained actual damages.

## VII.    Attorneys' Fees

48.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 47 of this petition.

49.     Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

50.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

51.     Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

52.     Plaintiff further prays that it be awarded all reasonable and necessary attorney's fees incurred in prosecuting Plaintiff's DTPA causes of action above pursuant to § 17.50(d).

## VIII.    CONDITIONS PRECEDENT

53.     All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## IX.    DEMAND FOR JURY

54.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## X.    DISCOVERY REQUESTS

55.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

## XI.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, it recover actual damages, and treble/exemplary damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**PRESTON DUGAS LAW FIRM, PLLC**
Oil & Gas Building
309 W. 7th Street, Suite 1100
Fort Worth, Texas 76102
Telephone:     (817) 945-3061
Facsimile:      (682) 219-0761
Email: preston@pjdlawfirm.com

By:*/s/Preston J. Dugas III*
PRESTON J. DUGAS III
State Bar No. 24050189
**ATTORNEY FOR PLAINTIFF**

# TAB 2

FILED
DALLAS COUNTY
4/29/2019 3:33 PM
FELICIA PITRE
DISTRICT CLERK

CAROLYN SELLERS

## CAUSE NO. DC-19-05387

| | | |
|---|---|---|
| **RAIN DROP FOUNDATION, INC.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY**, | § | |
| | § | |
| *Defendant.* | § | **162ND JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE DISTRICT JUDGE:

Philadelphia Indemnity Insurance Company, the Defendant in the above-styled and numbered cause ("Defendant"), files this Original Answer in response to Plaintiff's Original Petition, and respectfully shows the Court as follows:

### I.

### GENERAL DENIAL

As permitted by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all the matters pled by Plaintiff Rain Drop Foundation, Inc. ("Plaintiff"), and requests that the Court require Plaintiff to prove all of its charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

---

**DEFENDANT'S ORIGINAL ANSWER**                                    **PAGE 1**

## II.

### AFFIRMATIVE DEFENSES

By way of affirmative defense, if the same should be necessary, and as permitted by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following as to the claims and causes of action brought against it by Plaintiff:

1.      With respect to the claims Plaintiff has brought against Defendant for allegedly violating provisions of chapter 541 of the Texas Insurance Code, Defendant alleges that Plaintiff is barred from asserting such claims by reason of its failure to provide written notice of such claims, at least 60 days before filing suit, in accordance with section 541.154(b) of the Insurance Code.

2.      Pleading further and in the alternative, with respect to the claims Plaintiff has brought against Defendant for allegedly violating the Texas Deceptive Trade Practices–Consumer Protection Act, Defendant alleges that Plaintiff is barred from asserting such claims by reason of its failure to provide written notice of such claims, at least 60 days before filing suit, in accordance with section17.505(a) of the Texas Business and Commerce Code.

3.      Pleading further and in the alternative, with respect to the claims Plaintiff has brought against Defendant for allegedly violating provisions of chapter 541 of the Texas Insurance Code and for breaching the common law duty of good faith and fair dealing, Defendant alleges that a *bona fide* dispute exists, precluding liability and Plaintiff's recovery of damages under these extra-contractual theories.

*U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997); *see Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994).

4.    Pleading further and in the alternative, Defendant alleges that Plaintiff's claim that Defendant is liable under section 541.060(a)(1) of the Texas Insurance Code "by misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue" fails because the language of an insurance policy controls and the insured has a duty to read and be familiar with the terms of his own insurance policy. *Heritage Manor of Blaylock Props., Inc. v. Petersson*, 677 S.W.2d 689, 691 (Tex. App.—Dallas 1984, writ ref'd n.r.e.); *Howard v. Burlington Ins. Co.*, 347 S.W.3d 783, 792 (Tex. App.—Dallas 2011, no pet.); *Garrison Contractors, Inc. v. Liberty Mut. Ins. Co.*, 927 S.W.2d 296, 300 (Tex. App.—El Paso 1996), *aff'd*, 966 S.W.2d 482 (Tex. 1998). Further, an insured is bound to the terms of the policy whether he reads it or not. *Howard v. Burlington Ins. Co.*, 347 S.W.3d at 792 (citing *Manion v. Security Nat'l Ins. Co.*, No. 13-01-248-CV, 2002 WL 34230861, \*3 (Tex. App.—Corpus Christi Aug. 15, 2002, no pet.)); *Ruiz v. Gov't Employees Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App.—El Paso 1999, no pet.).

5.    Defendant alleges it is entitled to a credit or offset for all indemnity payments paid to Plaintiff by virtue of any type or form of settlement agreement entered into by and between Plaintiff and any other defendant, settling person, responsible third party or any other person or entity not a party to this lawsuit. Defendant therefore asserts the affirmative defenses of offset, credit, and payment, to the extent applicable.

---

6.      Pleading further and in the alternative, Defendant alleges that if Plaintiff's damages, if any, resulted from both covered and non-covered causes of loss, Plaintiff bears the burden of segregating the damages which resulted from covered causes of loss. *Nat'l Union Fire Ins. of Pittsburgh, Pa. v. Puget Plastics Corp.*, 735 F.Supp.2d 650, 669 (S.D. Tex. 2010); *All Saints Catholic Church v. United Nat'l Ins. Co.*, 257 S.W.3d 800 (Tex. App.—Dallas 2008, no pet.); *Feiss v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004).

7.      Pleading further and in the alternative, Defendant alleges that discovery in this case may show that Plaintiff failed to mitigate its damages as required by applicable law and Plaintiff's claims and causes of action may therefore be barred in whole or in part.

8.      Pleading further, and in the alternative, Defendant alleges that the discovery in this case may show that Plaintiff failed to mitigate its damages as required under the terms and provisions of the policy of insurance Defendant issued to Plaintiff, and that any damages Plaintiff suffered by such failure to mitigate are therefore barred.

9.      Pleading further and in the alternative, Defendant asserts the coverage language, exclusions, limitations and definitions in the policy of insurance Defendant issued to Rain Drop Foundation, Inc. under number PHPK1618322, including but not limited to the following:

a. *Building and Personal Property Coverage Form* (CP 00 10 10 00), modified by the *Texas Changes* endorsement on form CP 01 42 03 12:

**A.  Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**3.  Covered Causes Of Loss**

See applicable Causes of Loss Form as shown in the Declarations.

**B.  Exclusions and Limitations**

See applicable Causes of Loss Form as shown in the Declarations.

**E.  Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Policy Conditions.

**3.  Duties In The Event Of Loss Or Damage**

**a.**  You must see that the following are done in the event of loss or damage to Covered Property:

**(2)**  Give us prompt notice of the loss or damage. Include a description of the property involved.

**(3)**  As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)**  Take all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim.  This will not increase the Limit of Insurance. However, we will not pay for subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if possible, set the damaged property aside and in the best possible order for examination.

**(5)**  At our request, give us complete inventories of the damaged and undamaged property.  Include quantities, cost, values, and amount of loss claimed.

**(6)**  As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records....

---

**(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 91 days after our request. We will supply you with the necessary forms.

**(8)** Cooperate with us in the investigation or settlement of the claim.

**4. Loss Payment**

**a.** In the event of loss or damage covered by this Coverage Form, at our option, we will either:

**(1)** Pay the value of lost or damaged property;

**(2)** Pay the cost of repairing or replacing the lost or damaged property, subject to **b.** below;

**(3)** Take all or any part of the property at an agreed or appraised value; or

**(4)** Repair, rebuild or replace the property with other property of like kind and quality, subject to **b.** below.

We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

**b.** The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

**F. Additional Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

**1. Coinsurance**

If a Coinsurance percentage is shown in the Declarations, the following condition applies.

**a.** We will not pay the full amount of any loss if the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the property.

Instead, we will determine the most we will pay using the following steps:

**(1)** Multiply the value of Covered Property at the time of loss by the Coinsurance percentage;

---

6908437 v1 (55220.00304)

**(2)** Divide the Limit of Insurance of the property by the figure determined in Step **(1)**;

**(3)** Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step **(2);** and

**(4)** Subtract the deductible from the figure determined in Step **(3)**.

We will pay the amount determined in Step **(4)** or the limit of insurance, whichever is less. For the remainder, you will either have to rely on other insurance or absorb the loss yourself.

**G. Optional Coverages**

If shown as applicable in the Declarations, the following Optional Coverages apply separately to each item.

**3. Replacement Cost**

\*   \*   \*

**c.** You may make a claim for loss or damage covered by this insurance on an actual cash value basis instead of on a replacement cost basis. In the event you elect to have loss or damage settled on an actual cash value basis, you may still make a claim for the additional coverage this Optional Coverage provides if you notify us of your intent to do so within 180 days after the loss or damage.

\*   \*   \*

**d.** We will not pay on a replacement cost basis for any loss or damage:

**(1)** Until the lost or damaged property is actually repaired or replaced; and

**(2)** Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

\*   \*   \*

**e.** We will not pay more for loss or damage on a replacement cost basis than the least of **(1), (2) or (3),** subject to **f.** below.

**(1)** The Limit of Insurance applicable to the lost or damaged property;

**(2)** The cost to replace the lost or damaged property with other property:

**(a)** Of comparable material and quality; and

---

**(b)** Used for the same purpose; or

**(3)** The amount actually spent that is necessary to repair or replace the lost or damaged property.

If a building is rebuilt at a new premises, the cost described in **e.(2)** above is limited to the cost which would have been incurred if the building had been rebuilt at the original premises.

**f.** The cost of repair or replacement does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

b. *Causes of Loss – Special Form* (CP 10 30 10 00):

### A. Covered Causes of Loss

When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:

1. Excluded in Section **B.**, Exclusions; or

2. Limited in Section **C.**, Limitations;

that follow.

### B. Exclusions

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

**d.** **(1)** Wear and tear;

**(2)** Rust, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

**(4)** Settling, cracking, shrinking or expansion;

But if an excluded cause of loss that is listed in **2.d.(1)** through **(7)** results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

**f.** Continuous or repeated seepage or leakage of water that occurs over a period of 14 days or more.

**m.** Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

**3.** We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c.  But if an

excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

**c.** Faulty, inadequate or defective:

**(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

**(3)** Materials used in repair, construction, renovation or remodeling, or

**(4)** Maintenance;

of part or all of any property on or off the described premises.

**C. Limitations**

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

1. We will not pay for loss or damage to property, as described and limited in this section.  In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

   c. The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

      (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, ice, sand or dust enters; or

      (2) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

c. *Commercial Property Conditions* issued on form CP 00 90 07 88, modified by *Texas Changes* endorsement on form CP 01 42 03 12:

**D. LEGAL ACTION AGAINST US**

**a.** Except as provided in Paragraph **b.**, no one may bring a legal action against us under this Coverage Part unless:

**(1)** There has been full compliance with all of the terms of the Coverage Part; and

**(2)** The action is brought within two years and one day from the date the cause of action first accrues. A cause of

---

action accrues on the date of the initial breach of our contractual duties as alleged in the action.

**b.** With respect to loss or damage in the State of Texas caused by windstorm or hail in the catastrophe area as defined by the Texas Insurance Code, no one may bring a legal action against us under this Coverage Part unless:

**(1)** There has been full compliance with all of the terms of the Coverage Part; and

**(2)** The action is brought within the earlier of the following:

**(a)** Two years and one day from the date we accept or reject the claim; or

**(b)** Three years and one day from the date of the loss or damage that is the subject of the claim.

**H. POLICY PERIOD, COVERAGE TERRITORY**

Under this Coverage Part:

**1.** We cover loss or damage commencing

**a.** During the policy period shown in the Declarations….

d. *Elite Property Enhancement: Human Services* endorsement, issued on form PI-EPE-HS (06/09):

**II. Elite Enhancement Endorsement Conditions**

**C. Adjuster's Fees**

Coverages provided herein are not applicable to the generation of fees you may incur by retaining a public adjuster or appraiser.

e. *Cosmetic Damage Exclusion,* issued on form PI-MANU-2 (01/00):

Wind/Hail Cosmetic Exclusion:

We do not cover cosmetic loss or damage to roof coverings caused by the peril of hail.

Cosmetic loss or damage means only that damage that alters the physical appearance of the roof covering but does not result in damage that allows the penetration of water through the roof covering or does not result in the failure of the roof covering to perform its intended function, to keep out elements over an extended period of time.

We do cover hail damage to roof coverings that results in damage that will allow the penetration of water through the roof covering or

---

that results in the failure of the roof covering to perform its intended function, to keep out elements over an extended period of time.

Roof covering means the roofing material exposed to the weather, the underlayments applied for moisture protection, and all flashings required in the replacement of a roof covering.

f.  *Texas – Limitations On Fungus, Wet Rot, Dry Rot And Bacteria* endorsement issued on form CP 01 62 06 02:

**A.**  The following exclusion is added.  With respect to the loss or damage addressed therein, this exclusion supersedes any other exclusion which addresses fungus.

**"Fungus", Wet Rot, Dry Rot And Bacteria**

We will not pay for loss or damage caused directly or indirectly by the presence, growth, proliferation, spread or any activity of "fungus", wet or dry rot or bacteria. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

But if "fungus", wet or dry rot or bacteria results in:

**1.**  A "specified cause of loss", we will pay for the loss or damage caused by that "specified cause of loss", if the Causes Of Loss – Special Form applies;

**2.**  A Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss, if the Cause of Loss – Basic Form, Covered Cause of Loss – Broad Form or Standard Property Policy applies.

This exclusion does not apply:

**1.**  When "fungus", wet or dry rot or bacteria results from fire or lightning; or

**2.**  To the extent that coverage is provided in the Additional Coverage – Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria with respect to loss or damage by a cause of loss other than fire or lightning.

**B.**  The following exclusion replaces any exclusion pertaining to continuous or repeated seepage or leakage of water; and supersedes any other exclusion, preclusion of coverage or exception to an exclusion pertaining to the leakage or discharge of water or steam from a system or appliance.

We will not pay for loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

**C.** The following is added:

**Additional Coverage – Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria**

**1.** The coverage described in **C.2.** and **C.6.** only applies when the "fungus", wet or dry rot or bacteria is the result of one or more of the following causes that occurs during the policy period and only if all reasonable means were used to save and preserve the property from further damage at the time of and after that occurrence.

    **a.** A "specified cause of loss" other than fire or lightning", if the Causes Of Loss – Special Form applies;

    **b.** A Covered Cause of Loss other than fire or lightning", if the Cause of Loss – Basic Form, Covered Cause of Loss – Broad Form or Standard Property Policy applies.

**2.** We will pay for loss or damage by "fungus", wet or dry rot or bacteria. As used in this Limited Coverage, the term loss or damage means:

    **a.** Direct physical loss or damage to Covered Property caused by "fungus", wet or dry rot or bacteria, including the cost of removal of the "fungus", wet or dry rot or bacteria;

    **b.** The cost to tear out and replace any part of the building or other property as needed to gain access to the "fungus", wet or dry rot or bacteria; and

    **c.** The cost of testing performed after removal, repair, replacement or restoration of the damaged property is completed, provided there is a reason to believe that "fungus", wet or dry rot or bacteria are present.

**3.** The coverage described under **C.2.** of this Limited Coverage is limited to $15,000. Regardless of the number of claims, this limit is the most we will pay for the total of all loss or damage arising out of all occurrences described in **C.1.**, which take place in a 12-month period (starting with the beginning of the present annual policy period). With respect to a particular occurrence of loss which results in "fungus", wet or dry rot or bacteria, we will not pay more than a total of $15,000 even if the "fungus", wet or dry rot or bacteria continues to be present or active, or recurs, in a later policy period.

10.    Pleading further and in the alternative, Defendant would show that

Plaintiff's damages, if any, are capped by the limits of insurance set forth in the

---

policy of insurance Defendant issued to Plaintiff for the building that forms the basis of this action.

11. Pleading further and in the alternative, Defendant pleads the applicability of the excessive demand doctrine, which precludes Plaintiff from recovering the fees and expenses of its attorney in this action. *Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981).

<u>**PRAYER**</u>

Based on the foregoing, Defendant Philadelphia Indemnity Insurance Company, having fully answered, prays that upon final hearing and trial, the claims and causes of action Plaintiff Rain Drop Foundation, Inc. has brought against such Defendant be dismissed with prejudice, that Plaintiff take nothing by its claims and causes of action, and that such Defendant obtain such other relief and further relief to which it may be justly entitled.

Respectfully submitted,

**MAYER LLP**

By: *      /s/   William R. Pilat*
        William R. Pilat
        Texas Bar No. 00788205
        Email: wpilat@krcl.com
        Andrew J. Mihalick
        Texas Bar No. 24046439
        Email: amihalick@krcl.com
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
Telephone: 713-487-2000
Facsimile: 713-487-2019

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2019, a true and correct copy of the foregoing *Defendant's Original Answer* was served upon all other counsel of record, as listed below, by filing this instrument with the electronic service provider for the Dallas County District Court:

Preston J. Dugas III
PRESTON DUGAS LAW FIRM, PLLC
309 W. 7th Street, Suite 1100
Fort Worth, Texas 76102

/s/   *William R. Pilat*
William R. Pilat

# TAB 3

## CAUSE NO. DC-19-05387

| | | |
|---|---|---|
| **RAIN DROP FOUNDATION, INC.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| *Defendant.* | § | **162ND JUDICIAL DISTRICT** |

### <u>DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT</u>

TO THE HONORABLE DISTRICT JUDGE:

PLEASE TAKE NOTICE that pursuant to federal law, Philadelphia Indemnity Insurance Company, the Defendant in the above-numbered and entitled cause, has filed with the Clerk of the United States District Court for the Northern District of Texas, Dallas Division, a *Notice of Removal*, a copy of which is attached to and filed with this Notice as **Exhibit** "**A**," and that this action is removed to the United States District Court for the Northern District of Texas for trial as of this date, May 3, 2019.  This Court is respectfully requested to take no further action in this matter, unless and until such time as the action may be remanded by order of the United States District Court.

---

**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**                                        **PAGE 1**

Respectfully submitted,

**MAYER LLP**

By: _____/s/   William R. Pilat_____
    William R. Pilat
    Texas Bar No. 00788205
    Email:  wpilat@mayerllp.com
    Andrew J. Mihalick
    Texas Bar No. 24046439
    Email:  amihalick@mayerllp.com
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
Telephone:  713-487-2000
Facsimile:  713-487-2019

**ATTORNEYS FOR DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2019, a true and correct copy of the foregoing *Notice of Removal to Federal Court* was served upon all other counsel of record, as listed below, by filing it with the electronic service provider for the Harris County District Courts or by emailing it to such counsel:

Preston J. Dugas III
PRESTON DUGAS LAW FIRM, PLLC
309 W. 7th Street, Suite 1100
Fort Worth, Texas 76102

_____/s/   William R. Pilat_____
William R. Pilat